**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 16-2297**

─────────────

RONNIE LEE ALSTON,

        Plaintiff - Appellant,

    v.

OURISMAN CHEVROLET "ET AL",

        Defendant - Appellee.

─────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt.
Paula Xinis, District Judge.  (8:15-cv-03740-PX)

─────────────

**No. 16-2298**

─────────────

In re: RONNIE LEE ALSTON,

        Petitioner.

─────────────

On Petition for Writ of Mandamus.  (8:15-cv-03740-PX)

─────────────

Submitted:  March 30, 2017                Decided:  April 3, 2017

─────────────

Before TRAXLER and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

No. 16-2297, Dismissed; No. 16-2298, Petition denied by unpublished per curiam opinion.

———————————

Ronnie Lee Alston, Appellant; Petitioner Pro Se.  Richard W. Evans, MCCARTHY WILSON, LLP, Rockville, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated proceedings, Ronnie Lee Alston seeks to appeal the district court's order dismissing without prejudice his amended complaint for failure to state a claim, and petitions for a writ of mandamus related to that case. Alston asks that the writ of mandamus instruct the district court to assign a different judge to his underlying case, require the return of seized property, order discovery, and set a trial date.

Parties are accorded 30 days after the entry of the district court's order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Here, the district court's order was entered on the docket on September 16, 2016. The notice of appeal was filed 45 days later, on October 31, 2016. Because Alston failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal in No. 16-2297 for lack of jurisdiction.

Additionally, we conclude that Alston has not met any of the requirements for the extraordinary remedy of mandamus. *See United States v. Moussaoui*, 333 F.3d 509, 516-17 (4th Cir. 2003). Accordingly, although we grant leave to proceed in forma pauperis, we deny mandamus relief in No. 16-2298. We dispense with oral argument in these

3

proceedings because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 16-2297, *DISMISSED*,
No. 16-2298, *PETITION DENIED*